IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 04-317 |
| | ) See Civil Action No. 06-50 |
| AIMEE JONES, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 6th day of February, 2006, upon consideration of Defendant Aimee Jones' "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" with attached memorandum in support thereof (document No. 73) filed in the above-captioned matter on January 12, 2006,

IT IS HEREBY ORDERED that said Motion is DENIED without prejudice.

Defendant's motion is premature. A Section 2255 petition can only be filed by a prisoner "in custody under sentence" once the Defendant's conviction and sentence are final. See 28 U.S.C. § 2255; Kapral v. United States, 166 F.3d 565, 569-71 (3d Cir. 1999). As the court in Kapral noted, "a collateral attack is generally inappropriate if the possibility of further direct review remains open: A district court should not entertain a habeas corpus petition while there is an appeal pending." 166 F.3d at 570. Accordingly, "in the absence of extraordinary circumstances, the

orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." Id. at 572 (quoting United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980)). See also United States v. Zats, 2001 WL 1327619, at *2 (E.D. Pa. Oct. 26, 2001); Rule 5, Rules Governing § 2255 Proceedings, Advisory Committee Note.

Defendant acknowledges that the direct appellate review of her case is still pending and that her motion is premature. However, she asserts that she has filed the motion prematurely for two reasons: (1) because she claims that her appellate counsel has refused to communicate with her and/or her family, particularly regarding the issues to be submitted on direct appeal; and (2) to preserve any Booker issues she may have. The Court finds that these circumstances do not constitute extraordinary circumstances that would warrant collateral review while direct appeal is pending. Therefore, Defendant's motion is denied without prejudice to her right to seek Section 2255 relief after her conviction and sentence become final.

*Maurice B. Cohill, Jr.*
United States District Judge
for Judge Alan N. Bloch

cc/ecf:   Asst. U.S. Atty. Bruce Teitelbaum
          Aimee Jones